ROBERT P. SMITH, Jr., Chief Judge.
Container Corporation appeals from a partial summary judgment requiring Container to indemnify Seaboard for any judgment plaintiff Bryan, Seaboard’s injured switchman, may recover against Seaboard as a result of falling over a scrap rail that was left sticking out of the ground near the side track by which Seaboard trains served Container. We affirm.
Without regard for any nondelegable duties owed by Seaboard to its employees, the obligations between Seaboard and Container are fixed by their contract, which provided that the side trackage was Container’s and that Container “will bear the cost and hereby assumes the duty of maintaining said trackage in safe condition . . . . ” Container further assumed “the duty of keeping the right of way adjacent . . . clean and free of all ... objects which may be hazardous or dangerous to those engaged in the operation of” Seaboard’s trains, and expressly agreed to indemnify Seaboard for any judgment arising out of an injury “caused by or contributed to by the failure” of Container to maintain the track and right of way.
Container, referring to Seaboard’s alleged negligence in failing to provide switchman Bryan a safe place to work, urges that any concurring negligence of both contracting parties in maintaining the premises should result in an equal sharing of the loss, by virtue of the further agreement that:
[Container] will indemnify and hold [Seaboard] harmless for loss, damage or injury from any act or omission of [Container], his employees or agents, to the person or property of the parties hereto and their employees, and to the person or property of any other person or corporation, while on or about the track, and if any claim or liability other than from fire shall arise from the joint or concurring negligence of both parties hereto, it shall be borne by them equally, (emphasis supplied.)
Giving all terms of the contract some reasonable meaning, we think it clear, as did the circuit judge, that as between the parties Container obligated itself to maintain the trackage and adjacent right of way, and to indemnify Seaboard for any failure resulting in third party injury, even if that third party should also have an independent right of action against Seaboard. Compare, City of Jacksonville v. Franco, 361 So.2d 209 (Fla. 1st DCA 1978), cert. dism., 367 So.2d 1122 (Fla.1978). Under the clause relied on by Container, concurring negligence by Seaboard in operating its train or in other respects independent of trackage maintenance would result in joint liability “borne by them equally.” No such negligence by Seaboard is alleged or intimated in this case.
We likewise reject Container’s contention that Seaboard’s alleged long-standing knowledge of and acquiescence in the dangerous condition changes Container’s liability. Florida Power Corp. v. Taylor, 332 So.2d 687 (Fla. 2d DCA 1976), cited to us by appellant for the proposition that such acquiescence bars indemnity, is not applicable. Taylor involved application of common-law notions of indemnity, not indemnification by contractual agreement. Taylor's statement, 332 So.2d at 692, that
indemnity will not be permitted, even when based on an agreement, to one who has acquiesced in a dangerous condition through long continued awareness,
was a denial that Canal Authority owed Florida Power common law indemnity, arising from Canal Authority’s failure to perform some (unspecified) contractual duty, if Florida Power so long acquiesced in its nonperformance as to be considered actively negligent by common law principles; we trust that statement is not to be read as qualifying an unqualified indemnity agreement.
AFFIRMED.
JOANOS and THOMPSON, JJ., concur.